UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:16-cr-249-JMS-MJD-03 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| KIMBERLY GASKINS | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cr-00249-JMS-MJD |
| | ) | |
| KIMBERLY GASKINS, | ) -03 | |
| | ) | |
| Defendant. | ) | |

# **ORDER**

Defendant Kimberly Gaskins requests a sentence reduction under § 603 of the First Step Act, which is codified at 18 U.S.C. § 3582(c)(1)(A). For the reasons explained below, Ms. Gaskins's motion is **denied**.

In January 2018, Ms. Gaskins pled guilty to and was convicted of conspiracy to possess with intent to distribute and to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 851. Dkts. 124, 133. In the course of the prosecution, the United States filed an Information under 18 U.S.C. § 851 alleging that Ms. Gaskins had previously been convicted of a drug felony. Dkt. 97. As a result, under the law as it existed at the time, Ms. Gaskins faced a mandatory minimum sentence of 20 years. 21 U.S.C. § 841(b)(1)(A)(viii) (eff. Aug. 3, 2010, to Dec. 20, 2018). The Court ultimately sentenced her to 276 months in prison and 10 years of supervised release. Dkt. 133.

In 2020, Ms. Gaskins filed a pro se motion for compassionate release under § 3582(c)(1)(A) based on the risk she faced from the COVID-19 pandemic. The Court denied the motion in February 2021. Dkt. 274. A little more than a year later, Ms. Gaskins filed a renewed pro se motion for sentence reduction arguing that extraordinary and compelling reasons warranted

a sentence reduction because she would likely receive a shorter sentence if sentenced today and because of her extraordinary efforts at rehabilitation. Dkt. 287. On June 17, 2022, the Court denied her motion because her sentence disparity argument was foreclosed by the Seventh Circuit's opinion in *United States v. Thacker*, 4 F.4th 569 (7th Cir. 2021), and because rehabilitation alone is not an extraordinary and compelling reason for relief under § 3582(c)(1)(A). Dkt. 296.

About a month after the Court denied Ms. Gaskin's most recent § 3582(c)(1)(A) motion, she filed another such motion—her third attempt at obtaining a sentence reduction under § 3582(c)(1)(A). Dkt. 297. This time, she argues that the Supreme Court's recent opinion in *Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022), overruled *Thacker* and, thus, she again argues that extraordinary and compelling reasons warrant a sentence reduction because she would receive a shorter sentence if sentenced today and because she has engaged in extraordinary efforts at rehabilitation. The Court concludes that it can resolve Ms. Gaskins's motion without a response from the United States.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and

3

compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Ms. Gaskins argues that extraordinary and compelling reasons warrant a sentence reduction in her case, contending that she would likely receive a shorter sentence if she were sentenced today because of changes to her statute of conviction and Indiana criminal law. But the Seventh Circuit has now repeatedly held that changes in sentencing law are not extraordinary and compelling reasons for compassionate release. *See United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021) (holding that non-retroactive change to statutory mandatory minimum sentence was not extraordinary and compelling reason for relief under § 3582(c)(1)(A)(i)); *see also United States v. Carr*, No. 21-3108, 2022 WL 1421441, at *1 (7th Cir. May 5, 2022) ("Changes in sentencing law are not extraordinary and compelling reasons for compassionate release."); *United States v. Herbert*, No. 21-3321, 2022 WL 1791964, at *2 (7th Cir. June 2, 2022) (non-retroactive changes to the guidelines are not grounds for compassionate release); *United States v. Watts*, No. 21-2867, 2022 WL 2208517, at *1 (7th Cir. June 21, 2022) (The court "lack[s] discretion under § 3582(c)(1)(A)(i) to reduce a statutory-minimum sentence asserted to be unfairly long. The appropriate path for prisoners to contest the length of their sentences is set forth in 28 U.S.C. § 2255.") (internal citation omitted).

Defendant's reliance on *Concepcion* is misplaced. *Concepcion* did not overrule *Thacker* and related cases. Instead, it addressed a different portion of the First Step Act—§ 404, which allows a district court to resentence a defendant in certain situations. It has no bearing on Ms. Gaskins's motion, which falls under § 603 of the Act. As recently explained by the Seventh Circuit in a binding opinion:

> That the First Step Act did multiple things—lowering sentences for some cocaine cases, enabling prisoners to seek compassionate release on their own motions, and

4

> more—does not mean that every decision about any aspect of the First Step Act applies to every potential question under that statute. The First Step Act did not create or modify the "extraordinary and compelling reasons" threshold for eligibility; it just added prisoners to the list of persons who may file motions. We take the Supreme Court at its word that *Concepcion* is about matters that district judges may consider when they resentence defendants. So understood, *Concepcion* is irrelevant to the threshold question whether any given prisoner has established an "extraordinary and compelling reason for release."

*United States v. King*, No. 21-3196, __ F.4th __, 2022 WL 2663277, at *7 (7th Cir. July 11, 2022). As a result, the Seventh Circuit reiterated, "When deciding whether 'extraordinary and compelling reasons' justify a prisoner's compassionate release, judges must not rely on non-retroactive statutory changes or new judicial decisions . . . . There's nothing 'extraordinary' about new statutes or caselaw, or a contention that the sentencing judge erred in applying the Guidelines; these are the ordinary business of the legal system, and their consequences should be addressed by direct appeal of collateral review under 28 U.S.C. § 2255." *Id.* at *1 (internal citations omitted). Thus, under controlling Seventh Circuit precedent, Ms. Gaskins cannot establish extraordinary and compelling reasons warranting relief under § 3582(c)(1)(A) based on changes in her statute of conviction, Indiana's criminal law, or the caselaw governing sentencing in cases like hers, even if those changes mean that Ms. Gaskins might receive a shorter sentence if she were sentenced today.

As with her most recent motion for compassionate release, that leaves Ms. Gaskins with only one other potential extraordinary and compelling reason for a sentence reduction: her record of rehabilitation. The Court applauds Ms. Gaskins for her efforts at rehabilitation, but—as the Court has already informed Ms. Gaskins—rehabilitation alone cannot be an extraordinary and compelling reason warranting a sentence reduction under § 3582(c)(1)(A)(i). *See United States v. Peoples*, No. 21-2630, __ F.4th __, 2022 WL 2825834, at *4 (7th Cir. July 20, 2022); *United States v. Whited*, No. 21-1644, 2022 WL 1259028, at *2 (7th Cir. Apr. 28, 2022) ("At the first stage of the analysis, the court rightly did not consider Whited's rehabilitation efforts or disciplinary record,

5

which are not extraordinary and compelling reasons for release and are therefore more suitably addressed as part of the § 3553(a) analysis."); *see also* 28 U.S.C. § 994(t).

Given the determination that Ms. Gaskins has not shown extraordinary and compelling reasons to justify a sentence reduction, the Court need not address whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of a reduction.

The Court notes that Ms. Gaskins asked the Court to appoint counsel to represent her and to hear oral argument on her motion. Dkts. 297 at 26. For the reasons explained above, the Court concludes that the interests of justice do not support appointing counsel to represent Ms. Gaskins and that no oral argument is necessary to resolve her motion.

### III. Conclusion

For the reasons stated above, Ms. Gaskins's motion for sentence reduction, dkt. [297], is **denied**.

**IT IS SO ORDERED.**

Date: 8/8/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Kimberly Gaskins
Reg. No. 15453-028
FMC Carswell
Federal Medical Center
P.O. Box 27137
Fort Worth, TX 76127